**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PATIENT CARE ASSOCIATES LLC a/s/o PATRICIA M., <br><br> Plaintiff, <br><br> v. <br><br> AUTOMATIC DATA PROCESSING, INC. (ADP); ABC CORP. (1-10) (Said names being fictitious and unknown entities), <br><br> Defendants. | Civil Action No.  2:12-cv-03718 (DRD/PS) <br><br><br> **AMENDED ANSWER** <br> **AND** <br> **AFFIRMATIVE DEFENSES** <br><br> *Filed Electronically* |

Defendant Automatic Data Processing, Inc. (hereinafter "ADP"), by way of Answer to the Amended Complaint filed by Plaintiff Patient Care Associates LLC (hereinafter "Plaintiff") in the above-captioned matter, states as follows:

1.   ADP is without sufficient information to admit or deny the allegations contained within paragraph 1 of the Complaint.  To the extent an answer is deemed necessary, ADP denies each and every allegation contained in paragraph 1 of the Complaint.

2. Admitted.

3.   With respect to the allegations contained in paragraph 3 of the Complaint, ADP admits only that conducts business in Bergen County, New Jersey.  Except as so admitted, ADP denies each and every other allegation contained in paragraph 3 of the Complaint.

4.   With respect to the allegations contained in paragraph 4 of the Complaint, ADP admits only that ADP maintains a self-funded group health benefit plan pursuant to

the terms of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.   Except as so admitted, ADP denies each and every other allegation contained in paragraph 4 of the Complaint.

5.   With respect to the allegations contained in paragraph 5 of the Complaint, ADP admits only that Patricia M. is an enrollee in the self-funded group health benefit plan of ADP.   Except as so admitted, ADP denies each and every other allegation contained in paragraph 5 of the Complaint.

6.   The allegations contained in paragraph 6 of the Complaint are legal conclusions to which no response is necessary.   To the extent an answer is deemed necessary, ADP denies each and every allegation contained in paragraph 6 of the Complaint.

## SUBSTANTIVE ALLEGATIONS

7.   With respect to the allegations contained in paragraph 7 of the Complaint, ADP admits only that ADP maintains a self-funded group health benefit plan pursuant to the terms of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.   Except as so admitted, ADP denies each and every other allegation contained in paragraph 7 of the Complaint.

8.   ADP denies each and every allegation contained within paragraph 8 of the Complaint.

9.   ADP denies each and every allegation contained within paragraph 9 of the Complaint.

10.   ADP denies each and every allegation contained within paragraph 10 of the Complaint.

11.  With respect to the allegations contained in paragraph 11 of the Complaint, ADP admits only that Plaintiff submitted claims for reimbursement.  Except as so admitted, ADP denies each and every other allegation contained in paragraph 11 of the Complaint.

12.  ADP denies each and every allegation contained within paragraph 12 of the Complaint.

13.  ADP admits only that one or more appeals were submitted by Plaintiff, or by an entity purporting to act on Plaintiff's behalf.  Except as so admitted, ADP denies each and every other allegation contained in paragraph 13 of the Complaint.

14.  ADP denies each and every allegation contained within paragraph 14 of the Complaint.

15.  The allegations contained in paragraph 15 of the Complaint are legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, ADP denies each and every allegation contained in paragraph 15 of the Complaint.

## FIRST COUNT
### (Violation of ERISA)

16.  ADP repeats and incorporates by reference all of the answers to all of the allegations of the foregoing paragraphs as if set forth at length herein.

17.  The allegations contained in paragraph 17 of the Complaint are legal conclusions to which no response is necessary.  With respect to the allegations contained in paragraph 17 of the Complaint, ADP admits that Section 502(A) of ERISA provides plan beneficiaries with the right to bring an action to recover benefits under a benefit plan

governed by ERISA.  To the extent these allegations may be construed to allege or imply any liability against ADP, they are denied.

18.  With respect to the allegations contained in paragraph 18 of the Complaint, ADP admits only that ADP maintains a self-funded group health benefit plan pursuant to the terms of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.  Except as so admitted, ADP denies each and every other allegation contained in paragraph 18 of the Complaint.

19.  The allegations contained in paragraph 19 of the Complaint are legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, ADP denies each and every allegation contained in paragraph 19 of the Complaint.

20.  The allegations contained in paragraph 20 of the Complaint are legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, ADP denies each and every allegation contained in paragraph 20 of the Complaint.

21.  The allegations contained in paragraph 21 of the Complaint are legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, ADP denies each and every allegation contained in paragraph 21 of the Complaint.

22.  The allegations contained in paragraph 22 of the Complaint are legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, ADP denies each and every allegation contained in paragraph 22 of the Complaint.

23.   The allegations contained in paragraph 23 of the Complaint are bald, formulaic legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, ADP denies each and every allegation contained in paragraph 23 of the Complaint.

24.   The allegations contained in paragraph 24 of the Complaint are bald, formulaic legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, ADP denies each and every allegation contained in paragraph 24 of the Complaint.

25.   With respect to the allegations contained in paragraph 25 of the Complaint, ADP admits only that Plaintiff submitted claims for reimbursement.   Except as so admitted, ADP denies each and every other allegation contained in paragraph 25 of the Complaint.

26.   The allegations contained in paragraph 26 of the Complaint are bald, formulaic legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, ADP denies each and every allegation contained in paragraph 26 of the Complaint.

27.   The allegations contained in paragraph 27 of the Complaint are bald, formulaic legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, ADP denies each and every allegation contained in paragraph 27 of the Complaint.

28.   The allegations contained in paragraph 28 of the Complaint are bald, formulaic legal conclusions to which no response is necessary.  To the extent an answer

is deemed necessary, ADP denies each and every allegation contained in paragraph 28 of the Complaint.

29.    The allegations contained in paragraph 29 of the Complaint are bald, formulaic legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, ADP denies each and every allegation contained in paragraph 29 of the Complaint.

**WHEREFORE**, ADP demands judgment dismissing Plaintiff's Complaint plus other such relief to which ADP is entitled as a matter of federal and state law.

**SECOND COUNT**
**(ERISA - Breach of Fiduciary Duty)**

30.   ADP repeats and incorporates by reference all of the answers to all of the allegations of the foregoing paragraphs as if set forth at length herein.

31.    The allegations contained in paragraph 31 of the Complaint are bald, formulaic legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, ADP denies each and every allegation contained in paragraph 31 of the Complaint.

32.    The allegations contained in paragraph 32 of the Complaint are bald, formulaic legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, ADP denies each and every allegation contained in paragraph 32 of the Complaint.

33.    The allegations contained in paragraph 33 of the Complaint are bald, formulaic legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, ADP denies each and every allegation contained in paragraph 33 of the Complaint.

34.   The allegations contained in paragraph 34 of the Complaint are bald, formulaic legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, ADP denies each and every allegation contained in paragraph 34 of the Complaint.

35.   The allegations contained in paragraph 35 of the Complaint are bald, formulaic legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, ADP denies each and every allegation contained in paragraph 35 of the Complaint.

36.   The allegations contained in paragraph 36 of the Complaint are bald, formulaic legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, ADP denies each and every allegation contained in paragraph 36 of the Complaint.

**WHEREFORE,** ADP demands judgment dismissing Plaintiff's Complaint plus other such relief to which ADP is entitled as a matter of federal and state law.

### THIRD COUNT
**(Negligent Misrepresentation)**

37.  ADP repeats and incorporates by reference all of the answers to all of the allegations of the foregoing paragraphs as if set forth at length herein.

38.  The allegations contained within paragraph 38 of the Complaint are bald, formulaic legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, ADP denies each and every allegation contained within paragraph 38 of the Complaint.

39.  The allegations contained within paragraph 39 of the Complaint are bald, formulaic legal conclusions to which no response is necessary.  To the extent an answer

is deemed necessary, ADP denies each and every allegation contained within paragraph 39 of the Complaint.

40. The allegations contained within paragraph 40 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, ADP denies each and every allegation contained within paragraph 40 of the Complaint.

41. The allegations contained within paragraph 41 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, ADP denies each and every allegation contained within paragraph 41 of the Complaint.

**WHEREFORE**, ADP demands judgment dismissing Plaintiff's Complaint plus other such relief to which ADP is entitled as a matter of federal and state law.

## FOURTH COUNT

42. ADP repeats and incorporates by reference all of the answers to all of the allegations of the foregoing paragraphs as if set forth at length herein.

43. ADP is without sufficient information to admit or deny the allegations contained within paragraph 43 of the Complaint. To the extent an answer is deemed necessary, ADP denies each and every allegation contained in paragraph 43 of the Complaint.

**WHEREFORE**, ADP demands judgment dismissing Plaintiff's Complaint plus other such relief to which ADP is entitled as a matter of federal and state law.

**CONNELL FOLEY LLP**
Liberty View
457 Haddonfield Rd., Ste. 230
Cherry Hill, NJ 08002
(856) 317-7100

*Attorneys for Defendant*
*Automatic Data Processing, Inc.*


*s/ Edward S. Wardell*
Edward S. Wardell

DATED: November 20, 2012

## AFFIRMATIVE DEFENSES

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      The Complaint is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. and Plaintiff is limited to the remedies thereunder as against ADP which are limited to payment of health benefits that were allegedly denied.

3.      The Complaint is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. and Plaintiff's claims are pre-empted by ERISA.

4.      Plaintiff has failed to exhaust the mandatory administrative remedies under the terms of the applicable health benefit plan. Therefore, this action is premature.

5.      Plaintiff's claims are barred by the express terms of the applicable health benefits plan.

6.      Plaintiff seeks benefits that are not eligible for coverage according to the terms of the applicable health benefits plan.

7.      ADP did not owe any legal or contractual duty to Plaintiff.

8.      ADP did not violate any legal or contractual duty owed to Plaintiff

9.      ADP acted reasonably and in good faith at all times.

10.     Plaintiff's complaint is barred by the equitable Doctrines of Waiver, Laches, Unclean Hands and/or Estoppel.

**WHEREFORE,** ADP demands judgment dismissing Plaintiff's Complaint plus other such relief to which ADP is entitled as a matter of federal and state law.

**CONNELL FOLEY LLP**
Liberty View
457 Haddonfield Rd., Ste. 230
Cherry Hill, NJ 08002
(856) 317-7100

*Attorneys for Defendant*
*Automatic Data Processing, Inc.*


*s/ Edward S. Wardell*
Edward S. Wardell

DATED: November 20, 2012

2809668-01

## CERTIFICATE OF SERVICE

I, Randi P. Vuich, of full age, hereby certify that the within Amended Answer has been filed with the Clerk within the time and in the manner prescribed by the Rules of Court and that a copy of the within pleading has been served this date, via email, upon:

Andrew R. Bronsnick, Esquire
Massood & Bronsnick LLP
50 Packanack Lake Road East
Wayne, NJ 07470-5834

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____

Date: November 20, 2012

2809668-01