# Connell Foley LLP
## ATTORNEYS AT LAW

JOHN A. PINDAR (1969)
GEORGE W. CONNELL (2005)
ADRIAN M. FOLEY, JR.
GEORGE J. KENNY*
KENNETH F. KUNZMAN
SAMUEL D. LORD (2012)
RICHARD D. CATENACCI
RICHARD J. BADOLATO*
PETER D. MANAHAN
JOHN B. MURRAY
MARK L. FLEDER
KEVIN J. COAKLEY
THOMAS S. COSMA
KATHLEEN S. MURPHY
PATRICK J. MCAULEY
PETER J. PIZZI*+
KEVIN R. GARDNER
ROBERT E. RYAN
MICHAEL X. MCBRIDE*
JEFFREY W. MORYAN*
EDWARD S. WARDELL
PETER J. SMITH*
WILLIAM P. KRAUSS
BRIAN G. STELLER
PHILIP F. MCGOVERN, JR.
KAREN PAINTER RANDALL
LIZA M. WALSH
JOHN P. LACEY*
MICHAEL J. CROWLEY-
TIMOTHY E. CORRISTON*
PATRICK J. HUGHES*+
JAMES C. MCCANN*
JOHN D. CROMIE

ANGELA A. IUSO*
WILLIAM T. MCGLOIN*
BRENDAN JUDGE
STEPHEN A. URBAN
CHARLES J. HARRINGTON III+
STEPHEN V. FALANGA*
TRICIA O'REILLY*
ANTHONY F. VITIELLO*+
MARC D. HAEFNER
JONATHAN P. MCHENRY
BRAD D. SHALIT*
M. TREVOR LYONS*
CRAIG S. DEMARESKI*
W. NEVINS MCCANN*
THOMAS J. O'LEARY*
MITCHELL W. TARASCHI
MICHAEL A. SHADIACK
OWEN C. MCCARTHY*
PATRICIA A. LEE*+
AGNIESZKA ANTONIAN*
CHRISTOPHER J. TUCCI+
NEIL V. MODY*
STEVE BARNETT*
THOMAS M. SCUDERI*
JOSEPH M. MURPHY*
NANCY A. SKIDMORE*
CHRISTINE S. ORLANDO
JENNIFER C. CRITCHLEY*
PATRICK S. BRANNIGAN*
CHRISTINE I. GANNON*
ANDREW C. SAYLES*
WILLIAM D. DEVEAU*

85 LIVINGSTON AVENUE
ROSELAND, NJ 07068-3702
(973) 535-0500
FAX: (973) 535-9217

OTHER OFFICES

HARBORSIDE FINANCIAL
CENTER
2510 PLAZA FIVE
JERSEY CITY, NJ 07311
(201) 521-1000
FAX: (201) 521-0100

1500 MARKET STREET
12TH FLOOR,
EAST TOWER
PHILADELPHIA, PA 19102
(215) 246-3403
FAX: (215) 665-5727

888 SEVENTH AVENUE
9TH FLOOR
NEW YORK, NY 10106
(212) 307-3700
FAX: (212) 262-0050

LIBERTY VIEW
457 HADDONFIELD
ROAD, SUITE 230
CHERRY HILL, NJ 08002
(856) 317-7100
FAX: (856) 317-7117

THE ATRIUM, SUITE E
309 MORRIS AVENUE
SPRING LAKE, NJ 07762
(732) 449-1440
FAX: (732)449-0934

COUNSEL

JOHN W. BISSELL
EUGENE J. CODEY, JR.
FRANCIS J. ORLANDO
FRANCIS E. SCHILLER*
EUGENE P. SQUEO*
BRIAN P. MORRISSEY-
NOEL D. HUMPHREYS*
ANTHONY ROMANO II*

DOUGLAS J. SHORT*
JAMES M. MERENDINO
MICHELE T. TANTALLA*
HECTOR D. RUIZ*
ROBERT A. VERDIBELLO*
PHILIP W. ALLOGRAMENTO III*
STEPHEN D. KESSLER
CHRISTOPHER ABATEMARCO*
ANTHONY J. CORINO*
INGRID E. DA COSTA
MEGHAN BARRETT BURKE*
RUKHSANAH L. SINGH*
BRITTANY E. MIANO*
STACIE L. POWERS*
NICOLE B. DORY*
MICHAEL BOJBASA-
CHRISTOPHER M. HEMRICK*
SUSAN KWIATKOWSKI*
MELISSA D. LOPEZ
ANDREW L. BARON*
JASON D. FALK*
MICHAEL J. SHORTT+
VICTORIA N. MANOUSHAGIAN*
PATRICK J. MURPHY, III*

KARIN I. SPALDING*
JODI ANNE HUDSON*
RICHARD A. JAGEN
JASON E. MARX*
ALEXIS E. LAZZARA
GAIL GOLDFARB
THOMAS VECCHIO+
DANIEL B. KESSLER*

MEGHAN K. MUSSO*
BRENDAN W. CARROLL*
ELEONORE OFOSU-ANTWI*
EDMUND J. CAULFIELD*
SYDNEY J. DARLING*
JESSICA L. PALMER*
NEIL V. SHAH*
STEPHEN R. TURANO*
STEVEN A. KROLL*
ROBERT M. DIPISA*
MATTHEW A. BAKER+
MICHAEL J. CREEGAN*
THOMAS M. BLEWITT, JR.+
BRIAN S. WOLFSON
MARY F. HURLEY
DANIELLE M. NOVAK+
KATELYN O'REILLY*
JAMES E. FIGLIOZZI-
MATTHEW D. FIELDING*
MELISSA L. HIRSCH+
MARIEL L. BELANGER*
NICHOLAS W. URCIUOLI
KERRY C. DONOVAN
GENEVIEVE L. HORVATH

*Also Admitted in New York
+Also Admitted in Pennsylvania
-Only Admitted in New York

PLEASE REPLY TO ROSELAND, NJ

March 1, 2013

**VIA ECF AND FEDERAL EXPRESS**
Hon. Patty Shwartz, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut St., Newark, NJ 07101

    Re: *Patient Care Associates, LLC a/s/o Patrica M. v. Automatic Data Processing, Inc. et al.*,
       Civ. No. 12-3718 (DRD/PS)

Dear Judge Shwartz:

    This firm represents Defendant Automatic Data Processing, Inc. (hereinafter "ADP") in the above-referenced matter. Pursuant to the Court's Scheduling Order, on February 8, 2013, ADP filed its pending Motion for Summary Judgment. (Doc. No. 16). In support of that Motion, ADP filed the Confidential Certification of Michael C. McNamara with Confidential Exhibits 1-7 (hereinafter the "Confidential Exhibits") annexed thereto under temporary seal. (Doc. No. 17). ADP submits this letter brief in support of its Motion to Seal the Confidential Exhibits permanently pursuant to Local Civil Rule 5.3(c). Plaintiff does not oppose this motion.

Hon. Patty Shwartz, U.S.M.J.
March 1, 2013
Page 2

## I. Statement of Relevant Procedural History and Facts

Since the filing of this action, discovery has taken place that involves the exchange of documents related to the named Plan Subscriber, Patricia M., which contain personal health information deemed confidential pursuant to the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. parts 160 and 165, promulgated pursuant to the Federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Because of that, on January 18, 2013, the parties requested the entry of a Discovery Confidentiality Order. (Doc. No. 14). Your Honor entered a Discovery Confidentiality Order on January 23, 2013. (Doc. No. 15)

The Discovery Confidentiality Order describes the types of confidential information that the parties may seek to shield from disclosure and thus, enables the parties to designate certain information and documents exchanged during discovery as "Confidential Information," "Confidential Health Information," or "Confidential Information – Attorneys' Eyes Only." (*See* Certification of Patrick J. Murphy, III ("Murphy Cert."), Exhibit A at ¶¶ 1-3). The Discovery Confidentiality Order provides that "Confidential Health Information," which is a subset of "Confidential Information," includes, *inter alia*, "information . . . that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber." (*See* Murphy Cert., Exhibit A at ¶ 2). The Discovery Confidentiality Order mandates that any "[p]arty seeking to seal information submitted in connection with a request for non-discovery relief shall file a formal motion in accordance with L. Civ. R. 5.3." (*See* Murphy Cert., Exhibit A at ¶ 10). Thus, this

Hon. Patty Shwartz, U.S.M.J.
March 1, 2013
Page 3

motion is being filed by ADP in accordance with its obligations under the Discovery Confidentiality Order and L. Civ. R. 5.3(c).

The Confidential Exhibits contain the confidential health information of Patricia M. All of this information falls within the designation of "Confidential Health Information" set forth within the Discovery Confidentiality Order. (See Murphy Cert., Exhibit A at ¶ 2). It is ADP's understanding that substantial and specific harm would result if the confidential personal health information of Patricia M. is disclosed in contravention of the terms of the Discovery Confidentiality Order. It is also ADP's understanding that the confidential personal health information of Patricia M. is protected under HIPAA. Furthermore, the parties have an expectation that the "Confidential Health Information," produced in this litigation pursuant the Discovery Confidentiality Order will remain confidential until such time as this Court determines otherwise. Thus, ADP believes the same "good cause" that existed for the entry of the Discovery Confidentiality Order exists for entry of the Order sealing the Confidential Exhibits.

In accordance with Your Honor's rules, ADP has prepared a detailed chart identifying each of the documents that ADP seeks to seal, in whole or in part, along with the following explanations for each:

(a) the legitimate private or public interests warranting the relief sought;

(b) the clearly defined and serious injury that would result if the relief sought is not granted;

(c) why a less restrictive alternative sought is not available; and

(d) the position of the adverse party concerning the request to seal, and why the request to seal is opposed.

(*See* Murphy Cert., Exhibit B). Further, ADP has prepared a detailed proposed form of Order that lists with specificity each entry that ADP seeks to seal.

Hon. Patty Shwartz, U.S.M.J.
March 1, 2013
Page 4

## II. Legal Argument

Pursuant to Local Civil Rule 5.3(c), confidential information or materials submitted with court filings may be sealed, or otherwise restricted from public access upon a showing of good cause. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). Whether good cause exists turns on an examination of the "legitimate private or public interests which warrant the relief sought," the "clearly defined and serious injury that would result if the relief sought is not granted," and upon a determination that "less restrictive alternative[s] to the relief sought is not available." L.Civ.R. 5.3(c)(2).

In this action, the Court previously entered a Discovery Confidentiality Order to govern the disclosure of confidential information that is not in the public domain and that contains, *inter alia*, confidential personal health information. (*See* Murphy Cert., Exhibit A). In doing so, the Court found that there was good cause to protect the disclosure of such confidential personal information, specifically "Confidential Health Information." (*See* Murphy Cert., Exhibit A at ¶ 2). For the same reasons that this Court entered the Discovery Confidentiality Order to protect and control the disclosure of confidential information during the litigation, the "Confidential Health Information" contained the Confidential Exhibits should likewise be protected from the public. There is no question in this case that the Confidential Exhibits disclose Patricia M.'s "Confidential Health Information" as defined by the Discovery Confidentiality Order. (*Id.*)

### A. The "Confidential Health Information" in the Confidential Exhibits Should Be Sealed

Hon. Patty Shwartz, U.S.M.J.
March 1, 2013
Page 5

As detailed fully in ADP's chart, the Confidential Exhibits contain the "Confidential Health Information" of Patricia M.  (*See* Murphy Cert., Exhibit B).  Such information is deemed confidential pursuant to the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R., parts 160 and 165, promulgated pursuant to HIPAA.  Specifically, Section 164.514 includes a list of "identifiers of the individual or of relatives, employers, or household members of the individual" which are to be excluded from any disclosures.  45 C.F.R. 164.514.  The categories relevant to this motion include:

- Names;

- All geographic subdivisions smaller than a State, including street address, city, county, precinct, zip code, and their equivalent geocodes;

- Dates related to an individual, including birth date and dates of service;

- Telephone numbers, fax numbers, and electronic mail addresses;

- Social security numbers;

- Medical record numbers;

- Health plan beneficiary numbers;

- Account numbers; and

- Any other unique identifying number, characteristic, or code.

(*See generally* Murphy Cert., Exhibit B).  If not protected by a sealing order, the confidential health information of Patricia M. will be placed in the public domain without any protections.  Thus, there is a substantial public interest in protecting the private right of confidentiality of the protected health information of Patricia M.  *See Frazier v. N.J. State Parole Bd.*, 2009 U.S. Dist. LEXIS 23572 (D.N.J. Mar. 25, 2009) (granting motion to seal mental health and similar records); *Mt. Holly Citizens in Action v. Twp. Of Mount Holly*, 2009 WL 387753, at *5 fn. 7 (D.N.J. Feb. 13, 2009)

Hon. Patty Shwartz, U.S.M.J.
March 1, 2013
Page 6

(granting motion to seal sensitive personal information of non-parties); *Metropolitan Life v. Bennett*, 2008 U.S. Dist. LEXIS 36394 (D.N.J. May 1, 2008) (sealing portions of complaint outlining medical records).

### B.  There Are No Less Restrictive Alternatives To Sealing

Finally, there are no alternatives that are less restrictive than sealing the "Confidential Health Information" contained in the Confidential Exhibits, as ADP needs to rely on this information to fully support its Motion for Summary Judgment. (Doc. No. 16). In addition, entry of the proposed sealing Order will not unduly restrict the public's right to information, as ADP will be filing redacted versions of the Confidential Exhibits. Specifically, as set forth fully in ADP's chart, as well as in the proposed sealing Order, any redactions will be limited to information that has been designated by the parties as "Confidential Health Information," which information falls within the confines of information that the Court may properly restrict public access pursuant to L. Civ. Rule 5.3 and the case law governing ADP's motion to seal. *See supra*, Section II(A). Thus, there is no question that ADP's filing of redacted versions of the Confidential Exhibits is the least restrictive alternative to protect "Confidential Health Information" under the Discovery Confidentiality Order and pursuant to Fed. R. Civ. P. 26(c) and L. Civ. R. 5.3(c).

Hon. Patty Shwartz, U.S.M.J.
March 1, 2013
Page 7

### III. Conclusion

For all of the reasons stated herein, ADP respectfully requests that the Court enter the enclosed Order pursuant to Rule 5.3(c) granting the Motion to Seal the Confidential Exhibits, as outlined in the proposed form of Order submitted herewith.

> Respectfully submitted,
>
> *s/ Patrick J. Murphy, III*
>
> Patrick J. Murphy, III

cc:  Andrew R. Bronsnick, Esq. (Via ECF and Email)